LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SAMANTHA MCFADDEN, *on behalf of herself, FLSA Collective Plaintiffs and the Class* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |
| SMITHTOWN NISSAN INC., JOSEPH RUBIO, and JOE URSO, | |
| Defendants. | |

---

Plaintiff SAMANTHA MCFADDEN ("Plaintiff"), by and through her undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants SMITHTOWN NISSAN INC. ("Corporate Defendant") and JOSEPH RUBIO and JOE URSO (together, the "Individual Defendants" and together with the Corporate Defendant, the "Defendants"), states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of pregnancy: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for discrimination on the basis of her pregnancy: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages and (5) attorneys' fees and costs.

## JURISDICTION, AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. At all times relevant herein, Plaintiff was and is a resident of the State of New York, Suffolk County.

8. At all times relevant herein, Defendant SMITHTOWN NISSAN INC. was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at c/o Solomon & Richman, 3000 Marcus Avenue, Lake Success, New York 11042, and having its principal place of business at 535 Middle

Country Road, St. James, New York.

9. Individual Defendant JOSEPH RUBIO was and is the Chief Exectuive Officer of Smithtown Nissan and a principal of the Corporate Defendant. JOSEPH RUBIO exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. JOSEPH RUBIO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JOSEPH RUBIO directly regarding any of the terms of their employment, and JOSEPH RUBIO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. Individual Defendant JOE URSO was and is an owner, shareholder, member, officer, director, and/or manager of Corporate Defendant. JOE URSO exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. JOE URSO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JOE URSO directly regarding any of the terms of their employment, and JOE URSO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

11. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

13. At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings her claims for relief under the FLSA as a collective action pursuant to Section 216(b) of the FLSA on behalf of herself, all other internet sales coordinator and sales persons, and all other non-exempt employees employed by Defendant on or after the date that is six years before the filing of the initial Complaint in this case ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) proper wages due to Defendants policy of time-shaving and (ii) proper overtime wages for all hours worked. The FLSA claims of Plaintiff as stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings her claims for relief under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself, all other internet sales coordinators and sales persons, and all other non-exepmt employees employed by Defendant on or after the date that is six years before the filing of the initial Complaint in this case ("Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The members of the Class are readily ascertainable. The number and identity of the members of the Class are determinable from Defendant's records. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number would be based are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's NYLL claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant of (i) failing to pay proper overtime; (ii) failing to pay wages for all hours worked due to Defendants policy of time-shaving; (iii) failing to provide proper wage statements to Plaintiff and Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor

Law. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff sustained similar losses, injuries, and damages as other Class members, with such injuries and damages arising from the same unlawful policies, practices, and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant

and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendant and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

   b) What are and were Defendant's policies and procedures regarding the types of work and labor for which Defendant did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the Class members for their work;

   d) Whether Defendant properly notified Plaintiff and other Class members of their hourly rate and overtime rate;

   e) Whether Defendant properly compensated Plaintiff and other Class members for all hours worked under the NYLL.

   f) Whether Defendant paid Plaintiff and Class members the full and proper overtime

      compensation to which they were entitled for hours worked over forty (40) per workweek at the premium rate of one and one-half times the regular rate of pay, under the New York Labor Law;

  g) Whether Defendant provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

  h) Whether Defendant provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

25. In or around June 2017, Plaintiff was hired by Defendants SMITHWON NISSAN as an internet sales coordinator at 535 Middle Country Road, St. James, NY 11780. On or about June 12, 2019, Plaintiff's employment was terminated.

26. Plaintiff's primary duty was scheduling appointments for customers who contacted the Dealership through its website.

27. Throughout her employment, Plaintiff worked Mondays to Fridays, with Wednesdays off, from 9:00 a.m. to 5:00 p.m. and worked Satudays from 9:00 a.m. to 6:00 p.m. for a total of forty-one (41) hours per week. However, Plaintiff was only ever paid for forty (40) hours per week.

28. Throughout her emplyoment, Plaintiff was paid $13.00 per hour, plus a commission for the customers she scheduled ($5.00 per customer who showed up for a scheduled appoitnment and $25.00 if those customers ultimately purchased a car).

29. Despite routinely working over forty (40) hours per week throughout her employment with Defendants, Plaintiff never received any form of additional compensation, either

at her regular rate for the additional hours she worked, or at the overtime premium rate of one-and-one-half times her regular rate for those hours in excess of forty (40) per week.

30. Throughout her employment, Defendants deducted a thirty (30) minute meal break from Plaintiff's work time, however, Plaintiff had to work through these meal breaks and was unable to take a free and clear break. As a result, Plaintiff suffered from approximately two and a half (2.5) hours of time-shaving per week.

31. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

32. Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week.

34. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to Defendants illegal time-shaving policies.

35. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required by the NYLL.

37. Plaintiff SAMANTHA MCFADDEN retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

38. In addition to the wage and hour violations, Defendants also discriminated against Plaintiff on the basis of her pregnancy.

39. In or around June 2019, when Plaintiff was approximately 8 months pregnant, a managerial position became available at the Dealership. The position did not require any physical labor or exertion that Plaintiff would not be able to perform on her own or with a reasonable accommodation for her condition.

40. Plaintiff was interested in the position and applied for it, but was told by Defendant JOE URSO that the position was not suitable for her because she was pregnant without explaining why. JOE URSO added that if Plaintiff was not pregnant, he would have happily given her the position.

41. Shortly thereafter, in or around June 2019, there was an incident at the Dealership wherein a supervisor who was preparing to leave the Dealership attempted to acquire customer information from various employees of the Dealership, including Plaintiff. Neither Plaintiff nor any of the other employees who were asked supplied the requested information to this supervisor. Dealership management later learned about this incident, and terminated Plaintiff's employment on the grounds that she failed to report the supervisor's actions.

42. However, the purported grounds for Plaintiff's termination were pretextual. Plaintiff was one of multiple employees who refused to provide the requested information.

However, none of the other employees who were asked for customer information by the supervisor reported this request to management, and none of them were terminated. The only difference between Plaintiff and the other employees who were not fired is that Plaintiff was pregnant.

### FIRST CAUSE OF ACTION
### (FLSA against all Defendants)

43. Plaintiff repeats each and every previous allegation as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

47. At all relevant times, the Defendants engaged in a policy and practice of refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all hours that they worked each week due to a policy of time-shaving.

48. At all relevant times, the Defendants engaged in a policy and practice of refusing to compensate Plaintiff and FLSA Collective Plaintiffs their overtime compensation for all hours that they worked in excess of forty (40).

49. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, unpaid overtime, and an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b

## SECOND CAUSE OF ACTION
### (NYLL against all Defendants)

54. Plaintiff repeats each and every previous allegation as if fully set forth herein.

55. At all relevant times Plaintiff and the other Class members were employees of Defendants within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

56. At all relevant times Corporate Defendant SMITHTOWN NISISAN INC. was an employer within the meaning of the NYLL

57. At all relevant times SMITHTOWN NISISAN INC. and the Individual Defendants were joint employers of Plaintiff.

58. As alleged herein, Plaintiff and the other Class members regularly worked hours (including overtime hours) for Defendants for which they were not properly paid due to

Defendants policy of time-shaving, in violation of the NYLL.

59. As alleged herein, Plaintiff and other Class members regularly worked in excess of forty (40) hours per week for Defendants, but did not receive the overtime wages to which they were entitled to under the NYLL.

60. Defendants also failed to provide Plaintiff and the other Class members with accurate wage statements and wage and hour notices, as required under the NYLL.

61. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiff for all of the hours she worked, including overtime hours, when Defendants knew or should have known such was due, and their failure to provide Plaintiff with an accurate wage statement.

62. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of unpaid wages due to time-shaving and unpaid overtime wages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

**THIRD CAUSE OF ACTION**
**(NYHRL Discrimination against all Defendants)**

63. Plaintiff repeats each and every previous allegation as if fully set forth herein.

64. At all relevant times, Plaintiff was an employee within the meaning of the NYHRL.

65. At all relevant times, Smithtown Nissan was and continues to be an employer within the meaning of the NYHRL.

66. At all relevant times, Smithtown Nissan had at least four persons in its employ, and therefore Defendant and its agents and employees were and are required to comply with the NYHRL.

67. Section 292(26) of the NYHRL defines "familial status" to include any person who is pregnant.

68. Section 296(1)(a) of the NYHRL prohibits employers from discriminating against an employee because of familial status "in terms, conditions or privileges of employment."

69. Section 296(6) of the NYHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

70. As alleged herein, Defendants discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment by denying her a promotion to which she otherwise would have been entitled because of her pregnant condition, and by terminating her employment on a discriminatory basis becaue of her pregnant condition, in violation of Section 296(1)(a) of the NYHRL.

71. Defendant JOE URSO's actions in failing to promote and thereafter terminating Plaintiff were in violation of Section 296(6) of the NYHRL.

72. The Individual Defendants had control over the terms and conditions of Plaintiff's employment and as such aided, abetted, incited, compelled, and/or coerced the discrimination described herein in violation of Section 296(6) of the NYHRL.

73. The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights.

74. As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of interest, attorney's fees,

and costs, as provided for under NYHRL.

## FOURTH CAUSE OF ACTION
### (NYCHRL Discrimination against all Defendants)

75. Plaintiff repeats each and every previous allegation as if fully set forth herein.

76. At all relevant times, Plaintiff was an employee within the meaning of the NYCHRL.

77. At all relevant times, the Corporate Defendants as a joint enterprise had at least four persons in their employ, and therefore the Corporate Defendants and their agents and employees were and are required to comply with the NYCHRL.

78. The NYCHRL has found pregnancy discrimination to be discrimination based on gender. *See Wilcox v. Cornell Univ.,* 986 F. Supp. 2d 281, 285 (S.D.N.Y. 2013) (noting that "[u]nder Title VII, the NYSHRL, and the NYCHRL, discrimination on the basis of a woman's pregnancy – including because of any related medical conditions – constitutes discrimination on the basis of sex.")

79. Section 8-107(1)(a)(3) of the NYCHRL prohibits employers from discriminating against an employee because of gender "in terms, conditions or privileges of employment."

80. Section 8-107(6) of the NYCHRL provides that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

81. Section 8-107(7) of the NYCHRL provides that it is an unlawful discriminatory practice "to retaliate or discriminate in any manner against any person because such person has [] opposed any practice forbidden under this chapter."

82. As alleged herein, Defendants violated the NYCHRL by discriminating Plaintiff with respect to the terms, conditions, and privileges of her employment by denying her a promotion

to which she otherwise would have been entitled because of her pregnant condition, and by terminating her employment on a discriminatory basis becaue of her pregnant condition.

83. The Defendants were on notice of the discriminatory conduct and took no action to resolve it. Specifically, Plaintiff requested the promotion from Defendant JOE URSO and was denied and then Defendants later fired Plaintiff, and Plaintiff alone, becaue of her pregnant condition under pretextual reasons.

84. The Corporate Defendants' termination of Plaintiff, and Plaintiff alone, after she failed to report the supervisor's actions constituted a retaliatory termination in violation of Section 8-107(7) of the NYCHRL. Plaintiff was one of multiple employees who refused to provide the requested infomration and also failed to report this incident to management. However, none of the other employees were terminated and the only difference between Plaintiff and the other employees was that Plaintiff was pregnant

85. The discrimination described herein occurred with malice and reckless disregard of Plaintiff's rights.

86. As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the

    FLSA, the NYLL, the NYSHRL, and the NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the NYLL;

d. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

e. An award of statutory penalties as a result of Defendants' failure to comply the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and compensation for all hours of work, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and compensation for all hours of work, pursuant to the New York Labor Law;

h. An award of back pay and compensatory damages due under the NYSHRL and the NYCHRL;

i. An award of punitive damages due under the the NYSHRL and the NYCHRL;

j. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury

Dated: September 30, 2020
New York, New York

                                              LEE LITIGATION GROUP, PLLC

By:    */s/ C.K. Lee*
      C.K. Lee (CL 4086)
      Anne Seelig (AS 3976)
      148 West 24th Street, 8th Floor
      New York, NY 10011
      (212) 465-1180
      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*