**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

SAMANTHA MCFADDEN, *on behalf of herself, FLSA Collective Plaintiffs and the Class*,

                       Plaintiff,

-against-

SMITHTOWN NISSAN INC.,
JOSEPH RUBIO, and JOE URSO,

                       Defendants.

---

Case No. 20-CV-04661

**OFFER OF JUDGMENT**

    Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Smithtown Nissan Inc. ("SNI") in the above-captioned action makes the following offer to allow judgment ("Offer of Judgment") to be taken against it in this lawsuit and in favor of Plaintiff Samantha McFadden ("Plaintiff") as follows:

    1.    SNI will pay Plaintiff the gross pre-tax sum of Fifty Seven Thousand and Five Hundred Dollars ($57,500.00). This sum encompasses all of Plaintiff's wage and hour allegations in her Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), Part 142 of Title 12 of the New York Code, Rules and Regulations and all other claims asserted by Plaintiff in the above-captioned action. This sum is inclusive of all potential alleged damages that Plaintiff could recover if she was to continue to pursue this lawsuit against all Defendants, as well as all costs, and prejudgment interest incurred through the date of this Offer of Judgment. This amount is inclusive of all attorneys' fees and costs to which Plaintiffs are entitled under the FLSA, and any other law. While this offer is made by SNI, if accepted, it shall resolve all claims against all Defendants.

    2.    This Offer of Judgment does not apply or extend to anyone other than Plaintiff in the above-captioned action.

3. Pursuant to Rule 68, Plaintiff shall have 14 (fourteen) days after the service of this Offer of Judgment to serve written notice that this offer is accepted. If written notice of acceptance is not served within 14 (fourteen) days and the judgment finally obtained by Plaintiff is not more favorable than the Offer of Judgment, Plaintiff must pay the costs incurred by both Plaintiff and Defendants after the making of the Offer of Judgment, including attorneys' fees, as allowed under applicable law.

4. This Offer of Judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure. By making this Offer of Judgment and/or upon acceptance by Plaintiff, SNI is not admitting any liability to Plaintiff or to any other person or entity. To the contrary, all Defendants expressly deny all such liability and deny the allegations made in Plaintiff's Complaint that Defendants have in any way violated the FLSA, NYLL, or New York Codes, Rules and Regulations or any other law. Defendants submit this Offer of Judgment in consideration of the dismissal with prejudice of all Plaintiff's claims and potential claims against Plaintiff herein.

5. No portion of this Offer of Judgment, whether accepted or not, may be admitted into evidence in any lawsuit, arbitration, administrative proceeding, government action, or other proceeding except for the purpose of enforcing this Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, determining costs if this Offer of Judgment is not accepted, or demonstrating lack of subject matter jurisdiction.

6. If accepted, this Offer of Judgment shall not constitute an adjudication on the merits of Defendants' alleged liability to Plaintiff, which Defendants specifically deny, and shall not operate as *res judicata* or collateral estoppel against Defendants in any lawsuit, arbitration, administrative proceeding, government action, or other proceeding.

Dated: Melville, New York
July 16, 2021

                        JACKSON LEWIS P.C.
                        *ATTORNEYS FOR SMITHTOWN NISSAN INC.*
                        58 South Service Rd., Ste. 250
                        Melville, New York 11747
                        (631) 247-0404

By: _____
            BRIAN J. SHENKER